STERN TANNENBAUM & BELL LLP
David S. Tannenbaum (DT 1196)
Dtannenbaum@sterntannenbaum.com
Rosemary Halligan (RH 6650)
Rhalligan@sterntannenbaum.com
Karen S. Frieman (KF 9204)
Kfrieman@sterntannenbaum.com
380 Lexington Avenue, Suite 3600
New York, NY 10168
(212) 792-8484
Attorneys for Plaintiff
On The Move, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

ON THE MOVE, INC.,                                      :
                                                        :
                                    Plaintiff,          : 08 Civ. 2533 (DAB) (JCF)
                                                        :
                    v.                                  : **NOTICE OF MOTION**
                                                        : **TO COMPEL AND FOR**
TRUCKNOLOGY, INC. A/K/A THE BRONX TRUCK                 : **CONTEMPT**
RENTAL CORP and EUGENE GREENBAUM,                       :
                                                        :
                                    Defendants.         :
-------------------------------------------------------------- x

          PLEASE TAKE NOTICE that, upon the annexed affidavit of Mark A. Ulfig, President

and Chief Executive Officer of plaintiff On The Move, Inc. ("OTM"), sworn to June 25, 2008,

and the exhibits attached thereto, and the affidavit of Rosemary Halligan, sworn to June 26,

2008, and upon all the pleadings and proceedings heretofore had herein, including the May 14,

2008 Order Confirming the *ex parte* Orders of Seizure and Temporary Restraining Orders

granted to OTM on April 10, 2008 and April 24, 2008, the undersigned, on behalf of OTM, will

move this Court, before the Honorable Deborah A. Batts, United States District Judge, in

Courtroom 24B, of the United States Courthouse, Southern District of New York, 500 Pearl

Street, New York, New York, 10007, on a date designated by the Court, for (a) an Order

compelling Defendants to comply with the Confirming Order and Orders of Seizure and deliver

the property which remains in its possession to the U.S. Marshal, or to OTM or its agents, on a

date set by the U.S. Marshal, or if delivered to OTM or its agents, within two (2) business days

of the Court's order on the instant motion; (b) an Order of Contempt (i) assessing fines in an

amount to be set by the Court if Defendants fail to turn over the property within the date set by

the U.S. Marshal or the two (2) day time period if delivered to OTM or its agents; (ii) assessing

damages against Defendants in the amount of $10,000 for failing to turn over the property at

issue and depriving Plaintiff of the use thereof, and forcing OTM to incur additional expenses to

recover its property; (iii) awarding reasonable attorneys' fees incurred by Plaintiff in being

forced to make the instant motion; and an Order awarding such other and further relief as this

Court may deem just and proper.

Dated:  New York, New York
        June 26, 2006

                                        STERN TANNENBAUM & BELL, LLP


                              By: _____
                                  David S. Tannenbaum (DT 1196)
                                  Dtannenbaum@sterntannenbaum.com
                                  Rosemary Halligan (RH 6650)
                                  Rhalligan@sterntannenbaum.com
                                  Karen S. Frieman (KF 9204)
                                  Kfrieman@sterntannenbaum.com
                                  380 Lexington Avenue, Suite 3600
                                  New York, NY 10168
                                  (212) 792-8484
                                  Attorneys for Plaintiff
                                  On The Move, Inc.

TO:    WHITE, CIRRITO & NALLY, LLP
        Michael L. Cirrito, Esq. (MC 9056)
        Attorneys for Defendants
        58 Hilton Avenue
        Hempstead, NY 11550
        (516) 292-1818
        Attorneys for Defendants
        Trucknology, Inc., a/k/a The Bronx Truck Rental Corp. and
        Eugene Greenbaum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

On The Move, Inc.,

                           Plaintiff,

               v.

Trucknology, Inc. a/k/a The Bronx Truck Rental Corp.
and Eugene Greenbaum,

                        Defendants.

------------------------------------------------------------------ x

08 Civ. 2533 (DAB) (JCF)

**AFFIDAVIT OF
MARK A. ULFIG**

STATE OF TEXAS      )
                     ) ss:
COUNTY OF KENDALL   )

     MARK A. ULFIG, being duly sworn, deposes and says as follows:

     1.     I am the President and Chief Executive Officer of plaintiff On The Move, Inc. ("Plaintiff" or "OTM").

     2.     I make this affidavit in support of OTM's motion for an order compelling compliance with previous orders of the Court and for an order of contempt directed against defendants Trucknology, Inc. a/k/a The Bronx Rental Corp. ("Trucknology") and Eugene Greenbaum ("Greenbaum," collectively with Trucknology, "Defendants") for their purposeful flouting of the Court's Order Confirming Orders of Seizure, dated May 14, 2008 (the "Confirming Order"), which confirmed the *ex parte* Orders of Seizure and Temporary Restraining Orders granted to OTM on April 10, 2008 and April 24, 2008 (collectively, the "Orders of Seizure"). (The Confirming Order and the Orders of Seizure are annexed hereto as Exhibits A and B, respectively.)

3.     Specifically, despite defendant Greenbaum's representations to the United States Marshal for the Southern District of New York (the "U.S. Marshal") that he could not "account" for several of the missing trucks (the "Trucks") at issue here, almost two months after the U.S. Marshal executed on the Orders of Seizure, and almost one month after the Court issued its Confirming Order, the Yonkers police pulled over one of the Trucks and impounded it as a stolen vehicle. As described in detail below, it was thereafter discovered that Greenbaum, on behalf of Trucknology, was continuing to rent out the Truck to third parties. It also was discovered that Greenbaum has been instructing his employees to change fraudulent "temporary" plates on the Trucks in his possession every 20 days, most likely to elude detection of the Trucks as stolen property.

4.     It is beyond real argument that Defendants have purposefully flouted the relevant Orders of this Court, forcing OTM to make this motion because of their contumacious behavior, specifically their interference with the seizure by the U.S. Marshal of the Trucks, including their failure to turn over the Trucks that remain wrongfully in their possession, as well as their continuing to operate, conceal and lease the Trucks, all to Plaintiff's detriment and all despite clear Court Orders prohibiting such conduct.

**Background**

5.     By way of brief background, OTM commenced this action against Defendants for the recovery of the Trucks, as well as for breach of contract, conversion, and declaratory and injunctive relief.

6.     OTM moved for the Orders of Seizure and Temporary Restraining Order without notice to the Defendants based on their blatant, groundless and continuing refusal to return the Trucks, which are by their very nature mobile.

7.    The Orders of Seizure granted by the Court, in relevant part, state as follows:

- it appears from the Papers that Plaintiff is entitled to possession of the chattel, that is the trucks (the 'Property') . . . , that the Trucks are being wrongfully withheld by defendants . . . , and that unless such Order is granted *ex parte* the Property may become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the State of New York or will become substantially impaired in value;

- Plaintiff, on whose behalf the Court issues this Order, is authorized under the supervision and with the assistance of the United States Marshall [sic] . . ., to take all necessary steps to secure and remove the following property: 49 trucks, that is, the Property, as set out on the schedule of inventory immediately annexed hereto, located at [1130] and [1144] Zerega Avenue, Bronx, New York 10462 (the 'Premises');

- anyone interfering with the execution of this Order is subject to arrest by the U.S. Marshal and/or his or her representative; and

- Defendants, their members, officers, employees, servants, agents, attorneys, affiliates, subsidiaries, and all other persons acting on behalf of or in concert with Defendants, are enjoined and restrained from operating, concealing, parting with, disposing of or transferring the Property.

8.    On April 25, 2008, pursuant to the Orders of Seizure, the U.S. Marshal seized 35 trucks from Trucknology's Bronx location.  (At the direction of the U.S. Marshal, one additional Truck was provided by Defendants after April 25.)

9.    The Marshal did not recover all of the Trucks, however, and several trucks remained missing.  A copy of the spreadsheet, marked up and signed by the U.S. Marshal, noting both the Trucks that were seized and listing the Trucks that remained missing, is annexed as Exhibit C.

10.    Greenbaum could not "account" for the majority of the Trucks that were missing from Trucknology's premises on the date of the seizure.  Thereafter, however, OTM was able to either locate certain missing Trucks or, through its repossession agent, recover others from Defendants.

11.    While OTM was able to account for the vast majority of the Trucks, three (3) "HINO" trucks (the "HINO Trucks") were never located and Greenbaum continued to profess ignorance as to their whereabouts.  Notably, the HINO Trucks are late model, are in very good condition and have a high re-sale value, unlike the majority of the Trucks that OTM was able to recover with the assistance of the U.S. Marshal or through its repossession agent.  (A schedule which contains OTM's file number for the HINO Trucks, the HINO Truck's vehicle identification number ("VIN"), and a description of each HINO Truck, is annexed hereto as Exhibit D.)

12.    As of this date, Defendants also have failed to turnover or account for another vehicle leased to them and under their control.  This vehicle is a 2005 Ford E-350 (the "Ford Truck").  (OTM's file number for the missing Ford Truck, its VIN, and a description of the missing Ford Truck, is included within the schedule annexed hereto as Exhibit D.)

13.    On April 30, 2008, pursuant to Fed. R. Civ. Pro. 64 and N.Y. CPLR 7102(d)(4), OTM moved to confirm the Orders of Seizure, which motion, as stated, was granted by the Court on May 14, 2008.

14.    At no point have Defendants ever set forth any defense to OTM's ownership and superior right to the Trucks, perhaps because they have no such defense, and nor have they ever defended their blatant, groundless and continuing refusal to return the Trucks.

**Defendants' Contumacious Actions, Including Using Stolen Property for Their Benefit**

15.    Despite Greenbaum's representations to the U.S. Marshal that he could not "account" for several of the missing Trucks, including the HINO Trucks, on June 12, 2008, almost two months after the U.S. Marshal had executed on the Orders of Seizure, and almost one month after the Court issued its Confirming Order, the Yonkers police pulled over one of the

{00004353}                                    4

HINO Trucks and impounded it as a stolen vehicle. The Truck subsequently was released to OTM as its owner. (A copy of the Yonkers Police Department report is annexed hereto as Exhibit E.)

16.    During the course of the police investigation, it was discovered that Greenbaum, on behalf of Trucknology, had rented the HINO Truck for $600 per week to the gentlemen who were found driving the Truck. It was also discovered that Greenbaum has been instructing his employees to change the fraudulent "temporary" plates on the Trucks in his possession every 20 days.

17.    Specifically, the statement of Mark A. Lorenzo, who upon information and belief was in the Truck on the day it was impounded as stolen by the Yonkers police, relates the following:

> While on South Broadway we got stopped by the police and they told us the truck was stolen. My boss rented the truck from Truckology at 1130 Zerega Ave. Bronx New York. My boss rents the truck long term and he pays the boss Gene approximately $600.00 a week. Gene is a white male approximately 40 years old and I believe he is the owner of Truckology Truck rental. Gene instructed his workers to change the temporary Texas plates every 20 days and when I was with him the plates were changed three different times and they always had the number 099 on it.

(Emphasis added.) A copy of Mr. Lorenzo's sworn statement is attached hereto as Exhibit F.

18.    A second sworn statement of another gentlemen, Juan Andujar, who upon further information and belief also was in the Truck on the day it was impounded as stolen by the Yonkers police, is annexed hereto as Exhibit G. Mr. Andujar's statement is consistent in all respects with Mr. Lorenzo's.

19.    Therefore, it is clear that Defendants have not complied with the Court's Confirming Order and Orders of Seizure, including by failing to comply with the direction that

they not interfere with the U.S. Marshal's seizure of the Trucks, and are continuing to operate, conceal and lease the Trucks to OTM's detriment.

20.    As for Mr. Lorenzo and Mr. Andujar's statement concerning Greenbaum's directing his employees to change the Texas temporary plates every 20 days, all of which have the number "099," attached hereto as Exhibit H is a copy of one such fraudulent Texas temporary plate. While on a visit to the auction house which is storing and selling OTM's vehicles, I removed this fraudulent temporary plate from one of OTM's Trucks that was seized from Defendants. Notably, at the auction house, there were several other vehicles owned by OTM that had been recovered from Defendants with fraudulent Texas temporary plates. All the temporary plates contained the same serial number, "099," along with a fraudulent date of sale.

21.    I know from my industry experience that Texas temporary plates are serially numbered, that is, every such plate has a different number, and therefore it is impossible for multiple plates to legitimately have the same serial number, "099." Plates also expire 20 days from the stated date of sale.

22.    Upon information and belief, it is clear that Greenbaum obtained possession of a temporary Texas plate, photocopied that plate, and filled in false information on the plate, that is, that his company "Truck Maxx" was the "Buyer" of the vehicle, and inserted false dates of sale. Of course, OTM, and not "Truck Maxx" or any other entity affiliated with Defendants, is the owner of the Trucks, which were purchased on dates other than those set forth on the fraudulent Texas temporary plates.

23.    Based on Defendants' blatant flouting of the relevant Orders, and other contumacious behavior, it is respectfully requested that the Court issue: (a) an Order compelling Defendants to comply with the Confirming Order and Orders of Seizure and deliver the property which remains in its possession, that is the two (2) missing HINO Trucks and the missing Ford Truck, to the U.S. Marshal, on a date set by the U.S. Marshal , or to OTM or its agents within two (2) business days of the Court's order on the instant motion; (b) an Order of Contempt (i) assessing fines in an amount to be set by the Court if Defendants fail to turn over the property within the date set by the Marshal or the two (2) day time period if delivered to OTM or its agents; (ii) assessing damages against Defendants in the amount of $10,000 for failing to turn over the property at issue and depriving Plaintiff of the use thereof, and forcing OTM to incur additional expenses to recover its property;[1] (iii) awarding reasonable attorneys' fees incurred by Plaintiff in being forced to make the instant motion; and an Order awarding such other and further relief as this Court may deem just and proper.

Mark A. Ulfig

---

[1] The amount of requested damages is a conservative estimate of the money OTM has lost by being deprived of the use of its property, as well as the costs incurred in being forced to seize its property. Further, the requested damage amount only encompasses the time period since the April 25, 2008 seizure, and does not seek to address the damages incurred over the many months before that date when Defendants willfully, and without any justification, refused to turn over OTM's property.

The State of Texas

County of Kendall

Before me, a Notary Public, on this day personally appeared Mark A. Ulfig, President & Chief Executive Officer of On The Move, Inc., known to me (or proved to me on the oath of_____) to be the person whose name is subscribed to the forgoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Given under my hand and seal of office this 25th day of June, A.D. 2008

_____
Notary Public, State of Texas

(PERSONALIZED SEAL)

DIANA SWAN
Notary Public, State of Texas
My Commission Expires
June 26, 2011

DIANA SWAN
(Print name of Notary Public here)

My commission expires the 26th day of June 2011

{00004353}                            8

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/16/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

ON THE MOVE, INC.,                    :    ~~DRAFT~~ DAB 5/14/08

              Plaintiff,    :    08 Civ. 2533 (DAB) (JCF)

          v.                                    :

TRUCKNOLOGY, INC. A/K/A THE BRONX TRUCK    :    **ORDER CONFIRMING**
RENTAL CORP and EUGENE GREENBAUM,          :    **ORDERS OF SEIZURE**

            Defendants.    :

------------------------------------------------------------------ x

Batts, D.J.

       Plaintiff On The Move, Inc. ("OTM") commenced this action by filing a Summons and

Complaint on March 13, 2008.

       On April 10, 2008, OTM moved pursuant to Fed. R. Civ. Pro. 64 and N.Y. CPLR § 7102

for an *ex parte* Order of Seizure and Temporary Restraining Order respecting certain chattel, that

is 49 trucks (the "Trucks"), based on the affidavit of Mark A. Ulfig, President and Chief

Executive Officer of OTM, sworn to April 7, 2008, the exhibits attached thereto, and the

accompanying Memorandum of Law dated April 10, 2008.

       On April 10, 2008, the Court issued an *ex parte* Order of Seizure and Temporary

Restraining Order (the "April 10 Order of Seizure"), conditioned on OTM's filing an

undertaking in the amount of $855,050 (the "Undertaking").

       On April 17, 2008, OTM filed the Undertaking with the Court.

On April 24, 2008, OTM moved for an additional *ex parte* Order of Seizure respecting the Trucks, based on it prior submissions and the Undertaking, and the affidavit of Karen S. Frieman, sworn to April 24, 2008, and the exhibits annexed thereto.

On April 24, 2008, the Court issued the additional *ex parte* Order of Seizure and Temporary Restraining Order (with the April 10 Order of Seizure, the "Orders of Seizure").

On April 25, 2008, pursuant to the Orders of Seizure and under the authority, supervision and with the assistance of the United States Marshal for the Southern District of New York, OTM seized 34 of the Trucks, and on April 29, 2008, defendants delivered one additional Truck.

On April 30, 2008, that is within 5 days of seizure of the Trucks, OTM made a motion pursuant to Fed. R. Civ. Pro. 64 and N.Y. CPLR 7102(d)(4) to confirm the orders of seizure based upon the affidavit of Mark A. Ulfig, who is, as stated, the President and Chief Executive Officer of OTM, sworn to April 29, 2008, and the exhibits attached thereto.

Based upon its review of OTM's submissions, and upon all the pleadings, proceedings and submissions heretofore had herein, the Court grants OTM's motion for an Order pursuant to Fed. R. Civ. Pro. 64 and N.Y. CPLR 7102(d)(4) and (a) hereby confirms the Orders of Seizure and (b) directs the custodian or substitute custodian to deliver the Trucks seized on April 25, 2008 to OTM.

Dated: May 1**4**, 2008
New York, New York

SO ORDERED:

*Deborah A. Batts*
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

ON THE MOVE. INC..

                      Plaintiff.

       v.

TRUCKNOLOGY, INC. A/K/A THE BRONX TRUCK
RENTAL CORP and EUGENE GREENBAUM.

                   Defendants.

-------------------------------------------------------------- x

    08 Civ. 2533 (DAB) (JCF)

*EX PARTE* ORDER OF
SEIZURE AND TEMPORARY
RESTRAINING ORDER

      Upon the annexed Affidavit of Mark A. Ulfig ("Ulfig Affidavit"). President and Chief Executive Officer of plaintiff On The Move. Inc. ("Plaintiff"). sworn to April 7, 2008. and upon all the exhibits annexed thereto. including the Summons and Complaint. and the accompanying Memorandum of Law in Support of Plaintiff's Motion for an Order of Seizure and Temporary Restraining Order (the "Papers"). all in support of Plaintiff's motion pursuant to N.Y. CPLR § 7102 for an *ex parte* order of seizure. it is hereby:

      **ORDERED** that it appears from the Papers that Plaintiff is entitled to possession of the chattel, that is the trucks (the "Property") described in the Ulfig Affidavit. including as specifically described in Exhibit A thereto. that the Trucks are being wrongfully withheld by defendants Trucknology. Inc. and Eugene Greenbaum (collectively. "Defendants"). and that unless such Order is granted *ex parte* the Property may become unavailable for seizure by reason of being transferred. concealed. disposed of. or removed from the State of New York or will become substantially impaired in value. and upon the condition that the Plaintiff file an undertaking with the Court in the amount of $ 855,050.00 (that is, twice the amount of the value of the Trucks as set forth in the Ulfig Affidavit. in substantially the form annexed to the Ulfig Affidavit as Exhibit B. and it is further

MICROFILMED

APR 1 1 2008 ~9 00 AM

ORDERED that Plaintiff, on whose behalf the Court issues this Order, is authorized under the supervision and with the assistance of the United States Marshal for the Southern District of New York (the "U.S. Marshall"), to take all necessary steps to secure and remove the following property: 49 trucks, that is, the Property, as set out on the schedule of inventory immediately annexed hereto, located at 1130 and or 1130-D Zerega Avenue, Bronx, New York 10462 (the "Premises"), and 137 Saw Mill River Road, Yonkers, New York 10701 (the "Yonkers Premises"), including breaking open, entering and searching for the Property and placing it with an appropriate storage facility, and it is further

ORDERED that anyone interfering with the execution of this Order is subject to arrest by the U.S. Marshal and/or his or her representative, and it is further

ORDERED that Plaintiff, on whose behalf the Court issues this Order, will account completely for all Property seized pursuant to this Order and shall compile a written inventory of all such Property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court, and it is further

ORDERED that Plaintiff, on whose behalf the Court issues this Order, will act as substitute custodian of any and all Property seized pursuant to this Order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Property, including any third-party claims, and it is further

ORDERED that the U.S. Marshall is directed to serve the person or entity from whose possession the Property is seized and Defendants with a certified copy of this Order along with the Papers upon which it is granted, that is the Summons and Complaint, Ulfig Affidavit and the undertaking, in the same manner as a summons and complaint, and it is further

ORDERED that pending a final determination of this motion, Defendants, their members, officers, employees, servants, agents, attorneys, affiliates, subsidiaries, and all other persons acting on behalf of or in concert with Defendants, are enjoined and restrained from operating, concealing, parting with, disposing of or transferring the Property, and it is further

ORDERED that pursuant to N.Y. CPLR § 7102(d)(4), Plaintiff shall move to confirm this Order within 5 days of the seizure of the Property, and the motion to confirm, along with the papers upon which the Order is based, must be served by first class mail and electronic mail upon Defendants, which shall be deemed good and sufficient service.

THE CAPTIONED MATTER IS BROUGHT TO SEIZE AND RECOVER THE

CHATTELS DESCRIBED ABOVE

SO ORDERED:

*Deborah A. Batts*

U.S.D.J.

4/10/08

[2816]

3

00003028.XLS

| | A FILE# | B Lease Agreement | C VIN Number | D Vehicle Description | E Model Year | F Vehicle Make | G Vehicle Model | H Residual Value |
|---|---|---|---|---|---|---|---|---|
| 3 | 2624 | | 3FDNF85242MA10317 | 02 FORD F-650 DIESEL 26' ABC W | 2002 | FORD | F-650 | $10,929.00 |
| 4 | 2791 | | 1FDWE35L93HA15016 | 03 FORD E-350 14' AEROCELL | 2003 | FORD | E-350 | $6,750.00 |
| 5 | 2824 | *(illegible)* | 1FDWE35L23HA75185 | 03 FORD E-350 14' AEROCELL | 2003 | FORD | E-350 | $6,750.00 |
| 6 | 2827 | *(illegible)* | 1FDWE35L83HA15055 | 03 FORD E-350 14' AEROCELL | 2003 | FORD | E-350 | $6,750.00 |
| 7 | | | | | | | | |
| 8 | 3235 | | 1FDSE35L63HB77202 | 03 FORD E-350 12' SRW | 2003 | FORD | E-350 | $6,650.00 |
| 9 | | | | | | | | |
| 10 | 3876 | | 1FTRE14292HA42892 | 02 FORD E-150 CARGOVAN | 2002 | FORD | E-150 | $4,285.00 |
| 11 | 3879 | | 1FDWE35L24HA69727 | 04 FORD E-350 | 2004 | FORD | E-350 | $6,750.00 |
| 12 | 4054 | *(illegible)* | 1FDXE45S94HA27546 | 04 FORD E-450 16' ROCKPORT W/LIFT | 2004 | FORD | E-450 | $7,100.00 |
| 13 | 4055 | *(illegible)* | 1FDXE45S64HA27542 | 04 FORD E-450 16' ROCKPORT W/LIFT | 2004 | FORD | E-450 | $7,100.00 |
| 14 | 4328 | | 1FTSW21575EA48019 | 05 FORD F-250 SNOW PLOW | 2005 | FORD | F-250 | $8,200.00 |
| 15 | 4687 | | 5PVNE8JT052S11693 | 05 HINO NE8JT 24' SUPREME | 2005 | HINO | NE8JT | $13,500.00 |
| 16 | 4688 | | 5PVNE8JT852S11656 | 05 HINO NE8HT 24' SUPREME | 2005 | HINO | NE8JT | $13,500.00 |
| 17 | | | | | | | | |
| 18 | 4702 | | 2FZACFCT15aU95893 | 05 STERLING ACTERRA 24' MORGAN | 2005 | STERLING | ACTERRA | $13,700.00 |
| 19 | 4703 | | 2FZACFCT55AU95900 | 05 STERLING ACTERRA 24' MORGAN | 2005 | STERLING | ACTERRA | $13,700.00 |
| 20 | 4714 | | JHBNA6JK351S10123 | 05 HINO NA145 16' MORGAN | 2005 | HINO | NA145 | $9,400.00 |
| 21 | 4736 | | JHBNC6JM351S10148 | BODIES | 2005 | HINO | NC185 | $10,800.00 |
| 22 | 4875 | *(illegible)* | 5PVNE8JT062S12036 | SUPREME W/LIFTGATE | 2006 | TOYOTA | NE268T HINO | $13,700.00 |
| 23 | | | | | | | | |
| 24 | 4877 | *(illegible)* | 5PVNE8JT462S12041 | SUPREME W/LIFTGATE | 2006 | TOYOTA | NE268T HINO | $13,700.00 |
| 25 | 4878 | *(illegible)* | 5PVNE8JT662S11991 | SUPREME W/LIFTGATE | 2006 | TOYOTA | NE268T HINO | $13,700.00 |
| 26 | 4888 | | 1FBSS31L46HA05195 | 06 FORD E-350 WAGON | 2006 | FORD | E-350 | $6,450.00 |
| 27 | 4889 | | 1FBSS31L76HA33203 | 06 FORD E-350 VAN | 2006 | FORD | E-350 | $6,550.00 |
| 28 | 4894 | *(illegible)* | 1GNEK13205J223535 | 05 CHEVROLET TAHOE | 2005 | CHEVROLET | TAHOE | $7,988.00 |
| 29 | 4895 | *(illegible)* | 1GNEK13265J224334 | 05 CHEVROLET TAHOE | 2005 | CHEVROLET | TAHOE | $7,988.00 |
| 30 | 4896 | | 1GNDT13S45Z382922 | 05 CHEVROLET TRAILBLAZER | 2005 | CHEVROLET | TRAILBLAZER | $6,015.00 |
| 31 | 4898 | *(illegible)* | 2CNDL23F356206542 | 05 CHEVROLET EQUINOX | 2005 | CHEVROLET | EQUINOX | $5,320.00 |
| 32 | 4899 | *(illegible)* | 2CNDL23F356207173 | 05 CHEVROLET EQUINOX | 2005 | CHEVROLET | EQUINOX | $5,320.00 |
| 33 | 4975 | *(illegible)* | 5PVNE8JT762S12034 | 06 HINO 268 24 SUPREME | 2006 | HINO | 268 | $13,700.00 |

00003028.XLS

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 34 | 4997 | | 1FDWE35L45HB48821 | 05 FORD E-350 14' AEROCELL | 2005 | FORD | E-350 | $6,800.00 |
| 35 | 4999 | | 1FDWE35L15HB44161 | 05 FORD E-350 14' AEROCELL | 2005 | FORD | E-350 | $6,800.00 |
| 36 | | | | | | | | |
| 37 | 5002 | | 1FDWE35L56HA32559 | 06 FORD E-350 14' AEROCELL | 2006 | FORD | E-350 | $6,800.00 |
| 38 | 5003 | | 1FDWE35L16HA32560 | 06 FORD E-350 14' AEROCELL | 2006 | FORD | E-350 | $6,800.00 |
| 39 | 5004 | | 1FDWE35L36HA32561 | 06 FORD E-350 14' AEROCELL | 2006 | FORD | E-350 | $6,800.00 |
| 40 | 5005 | | 1FDWE35L56HA32562 | 06 FORD E-350 14' AEROCELL | 2006 | FORD | E-350 | $6,800.00 |
| 41 | | | | | | | | |
| 42 | 5012 | | 1FDSE35L76HA76402 | 06 FORD E-350 12' AEROCELL SRW | 2006 | FORD | E-350 | $6,550.00 |
| 43 | 5013 | | 1FDSE35L96HA76403 | 06 FORD E-350 12' AEROCELL SRW | 2006 | FORD | E-350 | $6,550.00 |
| 44 | 5058 | | 5PVNE8JT962512049 | 06 HINO 268 24' SUPREME | 2006 | HINO | 268 | $13,700.00 |
| 45 | 5186 | | 1FDSE35LXGHB14446 | 06 FORD E-350 12' UNICELL SRW | 2006 | FORD | E-350 | $6,550.00 |
| 46 | | | | | | | | |
| 47 | | | | | | | | |
| 48 | 6030 | | 5PVNE8JT962510336 | 06 HINO 238 20' KIDRON | 2006 | HINO | 238 | $12,990.00 |
| 49 | 6031 | | 5PVNE8JT362510395 | 06 HINO 238 20' KIDRON | 2006 | HINO | 238 | $12,990.00 |
| 50 | 6032 | | 5PVNE8JV562S50086 | 06 HINO 268 26' KIDRON | 2006 | HINO | 268 | $14,500.00 |
| 51 | | | | | | | | |
| 52 | | | | | | | | |
| 53 | 6043 | | 1FDXE45S15HA45695 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 54 | 6044 | | 1FDXE45S85HA31891 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 55 | 6045 | | 1FDXE45S65HA31906 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 56 | 6046 | | 1FDXE45S05HA45705 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 57 | 6047 | | 1FDXE45SSXSA31911 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 58 | 6048 | | 1FDXE45S75HA45684 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 59 | 6049 | | 1FDXE45S45HA45707 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | -$7,400.00 |
| 60 | 6050 | | 1FDXE45S35HA31913 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 61 | 6051 | | 1FDXE45SX5HA31889 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 62 | | | | | | | | |
| 63 | | | 49 Vehicles | | | | Total | $427,525.00 |
| 64 | | | | | | | | |
| 65 | | | | | | | | |
| 66 | | | | | | | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

ON THE MOVE, INC.,
                                         :
                          Plaintiff,     :    08 Civ. 2533 (DAB) (JCF)
                                         :
            v.                           :    *EX PARTE* ORDER OF
                                         :    SEIZURE AND TEMPORARY
TRUCKNOLOGY, INC. A/K/A THE BRONX TRUCK  :    RESTRAINING ORDER
RENTAL CORP and EUGENE GREENBAUM,        :
                                         :
                          Defendants.    :
-------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _Apr 25, 2008_

Upon the Affidavit of Mark A. Ulfig ("Ulfig Affidavit"), President and Chief Executive Officer of plaintiff On The Move, Inc. ("Plaintiff"), sworn to April 7, 2008 and previously filed with this Court on April 10, 2008, all the exhibits annexed thereto, including the Summons and Complaint, the Memorandum of Law in Support of Plaintiff's Motion for an Order of Seizure and Temporary Restraining Order, also previously filed with this Court on April 10, 2008, and the attached Affidavit of Karen S. Frieman (the "Frieman Aff."), sworn to April 24, 2008 (the "Papers"), all in support of Plaintiff's motion pursuant to N.Y. CPLR § 7102 for an *ex parte* order of seizure, it is hereby,

ORDERED that it appears from the Papers that Plaintiff is entitled to possession of the chattel, that is the trucks (the "Property") described in the Ulfig Affidavit, including as specifically described in Exhibit A thereto, that the Trucks are being wrongfully withheld by defendants Trucknology, Inc. and Eugene Greenbaum (collectively, "Defendants"), and that unless such Order is granted *ex parte* the Property may become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the State of New York or will become substantially impaired in value, and upon the condition that, in accordance with the Order of this Court dated April 10, 2008, the Plaintiff has previously filed on or about April 17,

{00003894.DOC v}

2008, an undertaking with the Court in the amount of $ 855,050.00 (that is, twice the amount of the value of the Trucks as set forth in the Ulfig Affidavit) (the "Bond"), and it is further

ORDERED that the Bond is good and sufficient security for the issuance of this Order, and it is further

ORDERED that Plaintiff, on whose behalf the Court issues this Order, is authorized under the supervision and with the assistance of the United States Marshal for the Southern District of New York (the "U.S. Marshall"), to take all necessary steps to secure and remove the following property: 49 trucks, that is, the Property, as set out on the schedule of inventory immediately annexed hereto, located at 1144 Zerega Avenue, Bronx, New York 10462 (the "Premises"), including breaking open, entering and searching for the Property and placing it with an appropriate storage facility, and it is further

ORDERED that anyone interfering with the execution of this Order is subject to arrest by the U.S. Marshal and/or his or her representative, and it is further

ORDERED that Plaintiff, on whose behalf the Court issues this Order, will account completely for all Property seized pursuant to this Order and shall compile a written inventory of all such Property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court, and it is further

ORDERED that Plaintiff, on whose behalf the Court issues this Order, will act as substitute custodian of any and all Property seized pursuant to this Order and shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Property, including any third-party claims, and it is further

ORDERED that the U.S. Marshall is directed to serve the person or entity from whose possession the Property is seized and Defendants with a certified copy of this Order along with

the Papers upon which it is granted, that is the Summons and Complaint, Ulfig Affidavit, Frieman Affidavit and the undertaking, in the same manner as a summons and complaint, and it is further

**ORDERED** that pending a final determination of this motion, Defendants, their members, officers, employees, servants, agents, attorneys, affiliates, subsidiaries, and all other persons acting on behalf of or in concert with Defendants, are enjoined and restrained from operating, concealing, parting with, disposing of or transferring the Property, and it is further

**ORDERED** that pursuant to N.Y. CPLR § 7102(d)(4), Plaintiff shall move to confirm this Order within 5 days of the seizure of the Property, and the motion to confirm, along with the papers upon which the Order is based, must be served by first class mail and electronic mail upon Defendants, which shall be deemed good and sufficient service.

**THE CAPTIONED MATTER IS BROUGHT TO SEIZE AND RECOVER THE CHATTELS DESCRIBED ABOVE**

SO ORDERED:

*Deborah A. Batts*
U.S.D.J.                    4/24/08

[2816]

00003028.XLS

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 3 | 3 | 2674 | 3EDNEB5242MA10317 | 02 FORD F-650 DIESEL 26' ABC W | 2002 | FORD | F-650 | $10,9259.40 |
| 4 | 4 | 2791 | 1FDWE35L93HA15016 | 03 FORD F-350 14' AEROCELL | 2003 | FORD | E-350 | $6,750.00 |
| 5 | 5 | 2924 | 1FDWE35L2HA76185 | 03 FORD E-350 14' AEROCELL | 2003 | FORD | E-350 | $6,750.00 |
| 6 | 6 | 2924 | 1FDWE35L83HA76185 | 03 FORD E-350 14' AEROCELL W/LB | 2003 | FORD | E-350 | $6,750.00 |
| 7 | 7 | 2827 | 1FDWE35L83HA15055 | 03 FORD E-350 14' AEROCELL | 2003 | FORD | E-350 | $6,750.00 |
| 8 | 8 | | | | | | | |
| 9 | 9 | 3235 | 1FDSE35L63HB77202 | 03 FORD E-350 12' SRW | 2003 | FORD | E-350 | $6,650.00 |
| 10 | 10 | | | | | | | |
| 11 | 11 | 3879 | 1FTRE14292HA42892 | 02 FORD E-150 CARGOVAN | 2002 | FORD | E-150 | $4,285.00 |
| 12 | 12 | 4054 | 1FDWE35L24HA89727 | 04 FORD E-350 | 2004 | FORD | E-350 | $6,750.00 |
| 13 | 13 | 4055 | 1FDXE45S94HA27546 | 04 FORD E-450 16' ROCKPORT W/LIFT | 2004 | FORD | E-450 | $7,100.00 |
| 14 | 14 | 4328 | 1FDXE45S64HA27542 | 04 FORD E-450 16' ROCKPORT W/LIFT | 2004 | FORD | E-450 | $7,100.00 |
| 15 | 15 | 4687 | 1FT5W21575EA48019 | 03 FORD F-250 SNOW PLOW | 2004 | FORD | F-250 | $8,208.00 |
| 16 | 16 | 4688 | 5PVNE8JT05291169 3 | 05 HINO NE8JT 24' SUPREME | 2005 | HINO | NE8JT | $13,500.00 |
| 17 | 17 | | | 05 HINO NE8JT 24' SUPREME | 2005 | HINO | NE8JT | $13,500.00 |
| 18 | 18 | 4702 | 5PVNE8JT552811666 | 05 HINO NA145 16' MORGAN | 2005 | HINO | NA145 | $13,700.00 |
| 19 | 19 | 4703 | 2FZACFCT5AU95893 | 05 STERLING ACTERRA, 24' MORGAN | 2005 | STERLING | ACTERRA | $13,700.00 |
| 20 | 20 | 4714 | 2FZACFCT5AU95900 | 05 STERLING ACTERRA 24' MORGAN | 2005 | STERLING | ACTERRA | $13,700.00 |
| 21 | 21 | 4736 | JHBNA6JK36IS10123 | 05 HINO NA145 16' MORGAN | 2005 | HINO | NA145 | $9,400.00 |
| 22 | 22 | | JHBNC6JM3SIS10148 | BODIES | 2006 | TOYOTA | NC185 | $10,800.00 |
| 23 | 23 | | 5PVNE8JT062912036 | SUPREME W/LIFTGATE | 2006 | TOYOTA | NE26BT HINO | $13,700.00 |
| 24 | 24 | 4877 | 5PVNE8JT462812041 | SUPREME W/LIFTGATE | 2006 | TOYOTA | NE26BT HINO | $13,700.00 |
| 25 | 25 | 4878 | 5PVNE8JT662811991 | SUPREME W/LIFTGATE | 2006 | TOYOTA | NE26BT HINO | $13,700.00 |
| 26 | 26 | 4888 | 1FBSS31L46HA06195 | 06 FORD E-350 WAGON | 2006 | FORD | E-350 | $6,450.00 |
| 27 | 27 | 4889 | 1FBSS31L76HA33203 | 06 FORD E-350 VAN | 2006 | FORD | E-350 | $6,550.00 |
| 28 | 28 | 4894 | 1GNEK13Z66J223635 | 06 CHEVROLET TAHOE | 2005 | CHEVROLET | TAHOE | $7,990.00 |
| 29 | 29 | 4896 | 1GNEK13Z66J224334 | 06 CHEVROLET TAHOE | 2005 | CHEVROLET | TAHOE | $7,990.00 |
| 30 | 30 | 4896 | 1GNDT13S452382622 | 05 CHEVROLET TRAILBLAZER | 2005 | CHEVROLET | TRAILBLAZER | $6,015.00 |
| 31 | 31 | 4898 | 2CNDL23F356206542 | 05 CHEVROLET TRAILBLAZER | 2005 | CHEVROLET | TRAILBLAZER | $6,015.00 |
| 32 | 32 | 4899 | 2CNDL23F356207173 | 05 CHEVROLET EQUINOX | 2005 | CHEVROLET | EQUINOX | $5,320.00 |
| 33 | 33 | | 5PVNE8JT762S12054 | 06 HINO 268 24' SUPREME | 2006 | HINO | 268 | $13,700.00 |

Handwritten notes (left margin):

- (1) trailer volunteered for return (Banco trailer)
- Total recovered 34
- 2 trucks will be delivered by monday 4/28/08
  #18 and 25
- Not recovered #3,10,12,17,22,23,26,44...

00003028.XLS

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 34 | 4997 | [photo redacted] | 1FDWE35L45HB48821 | 05 FORD E-350 14' AEROCELL | 2005 | FORD | E-350 | $6,800.00 |
| 35 | 4999 | | 1FDWE35L15HB44161 | 05 FORD E-350 14' AEROCELL | 2005 | FORD | E-350 | $6,800.00 |
| 36 | 5002 | | 1FDWE35L56HA32559 | 06 FORD E-350 14' AEROCELL | 2006 | FORD | E-350 | $6,800.00 |
| 37 | 5003 | | 1FDWE35L16HA32560 | 06 FORD E-350 14' AEROCELL | 2006 | FORD | E-350 | $6,800.00 |
| 38 | 5004 | | 1FDWE35L36HA32661 | 06 FORD E-350 14' AEROCELL web | 2006 | FORD | E-350 | $6,800.00 |
| 39 | 5005 | | 1FDWE35L36HA32562 | 06 FORD E-350 14' AEROCELL web | 2006 | FORD | E-350 | $6,800.00 |
| 40 | 5186 | | 1FDSE35LX6HB14446 | 06 FORD E-350 12' UNICELL SRW | 2006 | FORD | E-350 | $6,550.00 |
| 41 | 5056 | [photo redacted] | 1FDSE35L76HA76402 | 06 FORD E-350 12' AEROCELL | 2006 | FORD | E-350 | $6,800.00 |
| 42 | 5013 | | 1FDSE35L96HA76403 | 06 FORD E-350 12' AEROCELL SRW | 2006 | FORD | E-350 | $6,550.00 |
| 43 | 5012 | | 5PVNE8JT96Z512049 | 06 HINO 268 24' SUPREME | 2006 | HINO | 268 | $13,700.00 |
| 44 | 5072 | | 5PVND8JT962S510336 | 06 HINO 268 26' KIDRON | 2006 | HINO | 268 | $14,500.00 |
| 45 | 6009 | | 5PVND8JT362S510395 | 06 HINO 238 20' KIDRON | 2006 | HINO | 238 | $12,990.00 |
| 46 | 6037 | | 5PVNE8JV662S60086 | 06 HINO 238 20' KIDRON | 2006 | HINO | 238 | $12,990.00 |
| 47 | 6032 | | | | | | | |
| 48 | 6006 | [photo redacted] | | | | | | |
| 49 | 6031 | | | | | | | |
| 50 | 6032 | | | | | | | |
| 51 | | | | | | | | |
| 52 | | | | | | | | |
| 53 | 6043 | | 1FDXE45S16HA46896 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 54 | 6044 | | 1FDXE45S85HA31891 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 55 | 6045 | | 1FDXE45S85HA31908 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 56 | 6046 | | 1FDXE45S05HA45705 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 57 | 6047 | | 1FDXE45SSX6A31911 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 58 | 6048 | | 1FDXE45S75HA45684 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 59 | 6049 | | 1FDXE45S45HA45707 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 60 | 6060 | | 1FDXE45S45HA67707 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 61 | 6061 | | 1FDXE45S36HA31913 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 62 | 6061 | | 1FDXE45SX6HA31889 | 05 FORD E-450 17' UNICELL | 2005 | FORD | E-450 | $7,400.00 |
| 63 | | | | | | | | |
| 64 | | | | | | | | |
| 65 | | | | | | | | |
| 66 | | | | | | | Total | $427,525.00 |

49 Vehicles

| Count | File # | W/O | VIN | Vehicle Description | Status |
|---|---|---|---|---|---|
| 39 | 6030 | Impound | 5PVND8JT962S10336 | 06 HINO 238 20' KIDRON | At County Towing Yonkers, NY |
| 40 | 6031 | Missing | 5PVND8JT362S10395 | 06 HINO 238 20' KIDRON | Missing |
| 41 | 6032 | Missing | 5PVNE8JV562S50086 | 06 HINO 238 20' KIDRON | Missing |
| | | | | | |
| 31 | 4999 | Missing | 1FDWE35L15HB44161 | 05 FORD E-350 14' Aerocell | Missing |

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

08/14/2007  09:49   9143777431            YPD 3RD PCT                     PAGE  01/01

| IMPOUNDED VEHICLE RELEASE FORM | YONKERS POLICE DEPARTMENT | | UF-54A(12/99) |
|---|---|---|---|

| Incident # **70865** | Date **6-12-08** | Time |
|---|---|---|

Date and time vehicle released from Yonkers Police custody: **6-17-08**

Name and complete address of person vehicle was released to: **On the Move 28825 IH 10 West Boerne Texas 78006**

Reason for release: **Return To owner**

Authority: **Det Bennett**

Full name and number of dispatcher notified: **#50**      Alarm has been canceled: ☒Yes ☐No

| Dispatcher notified by whom? **Det Bennett** | Date **6-17-08** | Time **1255** a.m.(p.m.) |
|---|---|---|

Full name of tow operator or agent notified: **Country Towing**

| Tow operator notified by whom? **Det Bennett** | Date **6-17-08** | Time **1255** a.m.(p.m.) |
|---|---|---|

| Make **HINO** | Model **238** | Plate | State | VIN **5PVND8JT962580836** |
|---|---|---|---|---|

Remarks:

Signature of vehicle claimant:

Desk officer: **Det R Bennett**

Supervisor:

Distribution: original to vehicle claimant, sending copies to Records Division, Communications Division, and Command

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

**State of New York**

**County of Westchester SS:**

**City of Yonkers**

Date: <u>6/12/08</u>  Time: _____

CR#: <u>70865</u>  DD#: _____

I, Mark A Lorenzo, do so state that I am 32 years of age, being born on 3/15/76, in
I am presently residing at 1562 Edison Ave. Bronx NY.
I can be reached at telephone number: 347-539-5828.
I am making this statement to Detective Benash/Spano at the Detective Division of the Yonkers Police Department, in the City of Yonkers, New York.

I am making this statement freely and voluntarily without any coercion, force, fear, favor, or consideration being given to me, nor promise being made to me to make this statement. I give this statement with the full knowledge that it may be used in a criminal action at some time in the future.

Today while I was working with my boss James Wixen delivering groceries. While on South Broadway we got stopped by the police and they told us the truck was stolen. My boss rented the truck from truckology at1130 Zerega Ave. Bronx New York. My boss rents the truck long term and he pays the boss Gene approximately $600.00 a week. Gene is a white male approximately 40 years old and I believe he is the owner of Truckology Truck rental.Gene instructed his workers to change the temporary Texas plates every 20 days and when I was with him the plates were changed three different times and they allways had the number 099 on it.

I have read the statement above, which is the truth to the best of my knowledge, and I sign it below.

NOTICE:  The making of a false statement
in this instrument is punishable as a
Class A Misdemeanor pursuant to
Section 210.45 of the NYS Penal Law.

Signed: _____

Witness: _____

Witness: _____

Date: 6/12/08          Time: 6:48 p.m

**State of New York**

**County of Westchester SS:**        Date: <u>6/12/08</u>  Time: _____

**City of Yonkers**

CR#: <u>70865</u>  DD#: _____

I, Juan Andujar, do so state that I am 29 years of age, being born on 8/5/78, in

I am presently residing at 550 W144 Street NYC.

I can be reached at telephone number: 212-690-2972.

I am making this statement to Detective Benash/Spano at the Detective Division of the Yonkers Police Department, in the City of Yonkers, New York.

I am making this statement freely and voluntarily without any coercion, force, fear, favor, or consideration being given to me, nor promise being made to me to make this statement. I give this statement with the full knowledge that it may be used in a criminal action at some time in the future.

  Today I was working with my boss James Wixen driving a truck delivering groceries in Yonkers. While on South Broadway I was stopped by the Yonkers Police and they told me that the truck was stolen. All I know about the truck is that my boss rents it long term from Truckology in the Bronx. The truck allways has a temporary Texas license plate with the number 99 on it.

I have read the statement above, which is the truth to the best of my knowledge, and I sign it below.

NOTICE:  The making of a false statement
in this instrument is punishable as a
Class A Misdemeanor pursuant to
Section 210.45 of the NYS Penal Law.

Signed: _____

Witness: _____

Witness: _____

Date: 6/12/08        Time: 7:05 pm

Page 1 of 1

TEXAS BUYER

# UNTITLED VEHICLE

099

DEALER MUST APPLY
FOR TITLE & REGISTRATION
OF VEHICLE WITHIN 20
WORKING DAYS FROM
THE DATE SOLD

DATE SOLD: 4-18-08

VIN 1FDXE45S05HA45105

P57647 - BOERNE

MONTH
EXPIRES

DAY
EXPIRES

BUYERS NAME TRUCKMAXX

SOLD BY: THE K W NASH GROUP INC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

On The Move, Inc.,                            :
                                              :
                              Plaintiff,      :        08 Civ. 2533 (DAB) (JCF)
                                              :
                v.                            :
                                        · :            **AFFIDAVIT OF**
Trucknology, Inc. a/k/a The Bronx Truck Rental Corp.  :   **ROSEMARY HALLIGAN**
and Eugene Greenbaum,                         :
                                              :
                                              :
                              Defendants.     :
-------------------------------------------------------------- x

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK  )

　　　ROSEMARY HALLIGAN, being duly sworn, deposes and says as follows:

　　　1.　　　I am a member of Stern, Tannenbaum & Bell LLP, counsel for plaintiff On The

Move, Inc. ("Plaintiff" or "OTM") in this action.

　　　2.　　　I make this affidavit in support of OTM's motion for an order compelling

compliance with previous orders of the Court and for an order of contempt directed against

defendants Trucknology, Inc. a/k/a The Bronx Rental Corp. ("Trucknology") and Eugene

Greenbaum ("Greenbaum," collectively with Trucknology, "Defendants") for their purposeful

flouting of the Court's Order Confirming Orders of Seizure, dated May 14, 2008 (the

"Confirming Order"), which confirmed the *ex parte* Orders of Seizure and Temporary

Restraining Orders granted to OTM on April 10, 2008 and April 24, 2008 (collectively, the

"Orders of Seizure").  (The Confirming Order and the Orders of Seizure are annexed to the

accompanying affidavit of Mark Ulfig as Exhibits A and B, respectively.)

{00004394.DOC v}

3.     The accompanying affidavit of Mark Ulfig, President and Chief Executive Officer

of OTM (the "Ulfig Affidvait"), sets forth Defendants' contumacious behavior that clearly

warrants the Court granting OTM's motion to compel and for contempt. The limited purpose of

my affidavit is to set forth the legal standards relevant ot the instant motion, which are plainly

applicable here.

4.     In brief, however, as set forth in greater detail in the Ulfig Affidavit and as amply

demonstrated therein and by the exhibits annexed thereto, despite defendant Greenbaum's

representations to the United States Marshal for the Southern District of New York (the "U.S.

Marshal") that he could not "account" for several of the missing trucks (the "Trucks") at issue

here, almost two months after the U.S. Marshal executed on the Orders of Seizure, and almost

one month after the Court issued its Confirming Order, the Yonkers police pulled over one of the

Trucks and impounded it as a stolen vehicle. As described in detail below, it was thereafter

discovered that Greenbaum, on behalf of Trucknology, was continuing to rent out the Truck to

third parties. It also was discovered that Greenbaum has been instructing his employees to

change fraudulent "temporary" plates on the Trucks in his possession every 20 days, most likely

to elude detection of the Trucks as stolen property.

5.     Defendants also have other Trucks of Defendants that they have failed to account

for, despite that several months have passed since the relevant Orders were issued and executed

upon.

6.     As to the applicable legal standards, specifically as to that prong of OTM's

motion to compel Defendants to comply with the Confirming Order and Orders of Seizure, it is

simply beyond real argument that the Court has the authority and the power to direct a party,

such as Defendants, to comply with its previously issued orders, in this case, the Confirming

Order and the Orders of Seizure.  See Kahmann v. Reno, 967 F. Supp. 731 (N.D.N.Y. 1997)

("[i]t is simply common sense that when a court orders a defendant to provide plaintiff a remedy

that is justified and within the law, the court must have the power to assure that the defendant

complies with the order.  Otherwise, neither the remedy nor the original order would have

meaning.")

7.       As to OTM's motion for contempt, a party may be held in contempt where, as

here, the plaintiff establishes that (1) the court order or decree was clear and unambiguous, (2)

proof of non-compliance is clear and convincing, and (3) defendant has not been reasonably

diligent and energetic in attempting to comply.  Chao v. Gotham Registry, Inc. 514 F.3d 280,

292 (2d Cir. 2008).

8.       The power to punish for contempt is an inherent power of the federal courts.

People by Abrams v. Terry, 45 F.3d 17, 23 (2d Cir. 1995); see also Chambers v. NASCO, Inc.,

501 U.S. 32, 43, 111 S. Ct. 2123 (1991) ("courts of justice are universally acknowledged to be

vested, by their very creation, with power to impose silence, respect, and decorum in their

presence, and submission to their lawful mandates").

9.       Federal courts have the ability to fashion the appropriate sanction for conduct that

violates a federal court order.  Chambers, 501 U.S. at 35-36, 45 (imposition of $25,000 fine for

civil contempt stemming from a violation of a preliminary injunction proper).

10.      Finally, when a party, such as Defendants here, has disobeyed a court order, it is

appropriate for the court to grant attorneys' fees in favor of the party bringing an action for

contempt.  Chambers, 501 U.S. at 44-45 (the "American Rule" which prohibits fee shifting in

most cases does not apply where a party is in "willful disobedience of a court order").

11.    As the accompanying Ulfig affidavit shows, it is beyond real argument that Defendants have purposefully flouted the relevant Orders of this Court, which were clear on their face, forcing OTM to make this motion because of their contumacious behavior, specifically their interference with the seizure by the U.S. Marshal of the Trucks, including their failure to turn over the Trucks that remain wrongfully in their possession, as well as their continuing to operate, conceal and lease the Trucks, all to Plaintiff's detriment and all despite clear Court Orders prohibiting such conduct.

12.    Accordingly, the motion to compel and for contempt should be granted in all respects, and it is respectfully requested that the Court issue: (a) an Order compelling Defendants to comply with the Confirming Order and Orders of Seizure and deliver the property which remains in its possession, to the U.S. Marshal, on a date set by the U.S. Marshal, or to OTM or its agents within two (2) business days of the Court's order on the instant motion; (b) an Order of Contempt (i) assessing fines in an amount to be set by the Court if Defendants fail to turn over the property within the date set by the Marshal or the two (2) day time period if delivered to OTM or its agents; (ii) assessing damages against Defendants in the amount of $10,000 for failing to turn over the property at issue and depriving Plaintiff of the use thereof, and forcing OTM to incur additional expenses to recover its property;[1] (iii) awarding reasonable attorneys' fees incurred by Plaintiff in being forced to make the instant motion; and an Order awarding such other and further relief as this Court may deem just and proper.

---

[1] The amount of requested damages is a conservative estimate of the money OTM has lost by being deprived of the use of its property, as well as the costs incurred in being forced to seize its property. Further, the requested damage amount only encompasses the time period since the April 25, 2008 seizure, and does not seek to address the damages incurred over the many months before that date when Defendants willfully, and without any justification, refused to turn over OTM's property.

Dated: New York, New York
     June 26, 2007

ROSEMARY HALLIGAN

Sworn to and subscribed before
me this 26th day of June, 2008

Notary Public

BRENDA ORTIZ
Notary Public, State of New York
No. 01OR6079983
Qualified in Bronx County
Commission Expires Sept 3, 2010

{00004394.DOC v}

5

STATE OF NEW YORK )
                           :

COUNTY OF NEW YORK )

JANICE M. FONT, being duly sworn, deposes and says:

1.       I am employed by the firm of STERN TANNENBAUM & BELL LLP.

2.       I am over 18 years of age, reside in Staten Island, NY and am not a party to this action.

3.       On June 26, 2008, I served a copy of a Notice of Motion to Compel and for Contempt and accompanying Affidavits by regular mail by depositing same in the official depository maintained and exclusively controlled by the United States Government at 380 Lexington Avenue, New York, NY 10168 true and correct copies of the same, properly enclosed in a postpaid wrapper addressed to counsel at the following addresses designated by them for that purpose upon:

**White, Cirrito & Nally LLP**
**Michel L. Cirrito, Esq.**
**58 Hilton Avenue**
**Hempstead, NY 11550**

_____
Janice M. Font

Sworn to before me this
26th day of June, 2008

_____
Notary Public

ROBERT L. KRASNOW
Notary Public, State of New York
No. 02KR4502882
Qualified in Westchester County
Commission Expires November 30, 200_