UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
On The Move, Inc.,                                  :
                                                    :
                                 Plaintiff,        :        08 Civ. 2533 (DAB) (JCF)
                                                    :
                       v.                               :
                                                    :        **AFFIDAVIT OF**
Trucknology, Inc. a/k/a The Bronx Truck Rental Corp. :        **ROSEMARY HALLIGAN**
and Eugene Greenbaum,                               :
                                                    :
                                                    :
                                Defendants.       :
------------------------------------------------------------------- x

STATE OF NEW YORK   )
                             ) ss:
COUNTY OF NEW YORK )

      ROSEMARY HALLIGAN, being duly sworn, deposes and says as follows:

      1.    I am a member of Stern, Tannenbaum & Bell LLP, counsel for plaintiff On The Move, Inc. ("Plaintiff" or "OTM") in this action.

      2.    I make this affidavit in support of OTM's motion for an order compelling compliance with previous orders of the Court and for an order of contempt directed against defendants Trucknology, Inc. a/k/a The Bronx Rental Corp. ("Trucknology") and Eugene Greenbaum ("Greenbaum," collectively with Trucknology, "Defendants") for their purposeful flouting of the Court's Order Confirming Orders of Seizure, dated May 14, 2008 (the "Confirming Order"), which confirmed the *ex parte* Orders of Seizure and Temporary Restraining Orders granted to OTM on April 10, 2008 and April 24, 2008 (collectively, the "Orders of Seizure"). (The Confirming Order and the Orders of Seizure are annexed to the accompanying affidavit of Mark Ulfig as Exhibits A and B, respectively.)

3.The accompanying affidavit of Mark Ulfig, President and Chief Executive Officer of OTM (the "Ulfig Affidvait"), sets forth Defendants' contumacious behavior that clearly warrants the Court granting OTM's motion to compel and for contempt. The limited purpose of my affidavit is to set forth the legal standards relevant ot the instant motion, which are plainly applicable here.

4.In brief, however, as set forth in greater detail in the Ulfig Affidavit and as amply demonstrated therein and by the exhibits annexed thereto, despite defendant Greenbaum's representations to the United States Marshal for the Southern District of New York (the "U.S. Marshal") that he could not "account" for several of the missing trucks (the "Trucks") at issue here, almost two months after the U.S. Marshal executed on the Orders of Seizure, and almost one month after the Court issued its Confirming Order, the Yonkers police pulled over one of the Trucks and impounded it as a stolen vehicle. As described in detail below, it was thereafter discovered that Greenbaum, on behalf of Trucknology, was continuing to rent out the Truck to third parties. It also was discovered that Greenbaum has been instructing his employees to change fraudulent "temporary" plates on the Trucks in his possession every 20 days, most likely to elude detection of the Trucks as stolen property.

5.Defendants also have other Trucks of Defendants that they have failed to account for, despite that several months have passed since the relevant Orders were issued and executed upon.

6.As to the applicable legal standards, specifically as to that prong of OTM's motion to compel Defendants to comply with the Confirming Order and Orders of Seizure, it is simply beyond real argument that the Court has the authority and the power to direct a party, such as Defendants, to comply with its previously issued orders, in this case, the Confirming

Order and the Orders of Seizure. See Kahmann v. Reno, 967 F. Supp. 731 (N.D.N.Y. 1997) ("[i]t is simply common sense that when a court orders a defendant to provide plaintiff a remedy that is justified and within the law, the court must have the power to assure that the defendant complies with the order. Otherwise, neither the remedy nor the original order would have meaning.")

7. As to OTM's motion for contempt, a party may be held in contempt where, as here, the plaintiff establishes that (1) the court order or decree was clear and unambiguous, (2) proof of non-compliance is clear and convincing, and (3) defendant has not been reasonably diligent and energetic in attempting to comply. Chao v. Gotham Registry, Inc. 514 F.3d 280, 292 (2d Cir. 2008).

8. The power to punish for contempt is an inherent power of the federal courts. People by Abrams v. Terry, 45 F.3d 17, 23 (2d Cir. 1995); see also Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123 (1991) ("courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates").

9. Federal courts have the ability to fashion the appropriate sanction for conduct that violates a federal court order. Chambers, 501 U.S. at 35-36, 45 (imposition of $25,000 fine for civil contempt stemming from a violation of a preliminary injunction proper).

10. Finally, when a party, such as Defendants here, has disobeyed a court order, it is appropriate for the court to grant attorneys' fees in favor of the party bringing an action for contempt. Chambers, 501 U.S. at 44-45 (the "American Rule" which prohibits fee shifting in most cases does not apply where a party is in "willful disobedience of a court order").

11. As the accompanying Ulfig affidavit shows, it is beyond real argument that Defendants have purposefully flouted the relevant Orders of this Court, which were clear on their face, forcing OTM to make this motion because of their contumacious behavior, specifically their interference with the seizure by the U.S. Marshal of the Trucks, including their failure to turn over the Trucks that remain wrongfully in their possession, as well as their continuing to operate, conceal and lease the Trucks, all to Plaintiff's detriment and all despite clear Court Orders prohibiting such conduct.

12. Accordingly, the motion to compel and for contempt should be granted in all respects, and it is respectfully requested that the Court issue: (a) an Order compelling Defendants to comply with the Confirming Order and Orders of Seizure and deliver the property which remains in its possession, to the U.S. Marshal, on a date set by the U.S. Marshal, or to OTM or its agents within two (2) business days of the Court's order on the instant motion; (b) an Order of Contempt (i) assessing fines in an amount to be set by the Court if Defendants fail to turn over the property within the date set by the Marshal or the two (2) day time period if delivered to OTM or its agents; (ii) assessing damages against Defendants in the amount of $10,000 for failing to turn over the property at issue and depriving Plaintiff of the use thereof, and forcing OTM to incur additional expenses to recover its property;[1] (iii) awarding reasonable attorneys' fees incurred by Plaintiff in being forced to make the instant motion; and an Order awarding such other and further relief as this Court may deem just and proper.

---

[1] The amount of requested damages is a conservative estimate of the money OTM has lost by being deprived of the use of its property, as well as the costs incurred in being forced to seize its property. Further, the requested damage amount only encompasses the time period since the April 25, 2008 seizure, and does not seek to address the damages incurred over the many months before that date when Defendants willfully, and without any justification, refused to turn over OTM's property.

Dated: New York, New York
      June 26, 2007

_____
ROSEMARY HALLIGAN

Sworn to and subscribed before
me this 26th day of June, 2008

_____
Notary Public

BRENDA ORTIZ
Notary Public, State of New York
No. 01OR6079983
Qualified in Bronx County
Commission Expires Sept 3, 20 10

{00004394.DOC v}                                    5