```
UNITED STATES DISTRICT COURT                      (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ON THE MOVE, INC.,                    : 08 Civ. 2533 (DAB) (JCF)
                                      :
            Plaintiff,                :     REPORT AND
                                      :   RECOMMENDATION
      - against -                     :
                                      :
TRUCKNOLOGY, INC., THE BRONX          :
RENTAL CORP., TRUCK MAXX MOVING,      :
INC., and EUGENE GREENBAUM,           :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

The plaintiff, On The Move, Inc. ("OTM"), brought this action asserting breach of contract and related claims against the defendants Trucknology, Inc. ("Trucknology"), The Bronx Truck Rental Corp. ("Bronx Truck"), Truck Maxx Moving, Inc. ("Truck Maxx"), and Eugene Greenbaum. Upon the withdrawal of the defendants' counsel, the corporate defendants were ordered to retain new counsel, and Mr. Greenbaum was required to retain counsel or advise the Court that he would be proceeding pro se. When the defendants failed to respond, a default judgment was entered, and the case was referred to me for an inquest on damages.

Background

OTM is a truck leasing company based in Michigan. (Amended

Complaint ("Am. Compl."), ¶ 1; Tr. at 3).[1]  Between 2002 and 2006, OTM executed a series of lease agreements (the "Lease Agreements") separately with Trucknology and Bronx Truck, both New York corporations.  (Am. Compl., ¶¶ 2, 3, 9; Plaintiff's Exhibit 1 ("Pl. Exh. 1")).  At the same time the lease agreements were signed, Mr. Greenbaum, a New York domiciliary and the principal of all the defendant corporations, executed an unconditional personal guaranty for each of Trucknology and Bronx Truck's obligations under the Lease Agreements.  (Am. Compl., ¶¶ 5, 12, 34, 37; Lease Agreement Package, attached as Exh. 1 to Am. Compl. ("Lease Agreement Package"), at 15; Pl. Exh. 1).[2]

Pursuant to their respective Lease Agreements, Trucknology and Bronx Truck leased certain trucks (the "Leased Trucks") that OTM owned in exchange for their payment of monthly lease charges (the "Lease Charges").  (Am. Compl., ¶¶ 9, 10, 13; Lease Agreement Package at 1; Pl. Exh. 1).  The Lease Agreements also required Trucknology and Bronx Truck to pay the remaining lease-end value (the "Remaining LEV Amount") of the Leased Trucks, which is the difference between a truck's lease-end value as stated in the Lease Agreement and the amount that truck is ultimately sold for at

---

[1] "Tr." refers to the transcript of the inquest held on February 8, 2011.

[2] Unless otherwise indicated, exhibit numbers refer to exhibits introduced at the inquest.

auction at the end of the lease term.  (Am. Compl., ¶ 13; Lease Agreement Package at 2; Pl. Exh. 1; Tr. at 7-8).  In addition to the payment of the Lease Charges and the Remaining LEV Amounts, the Lease Agreements required Trucknology and Bronx Truck to pay for the insurance coverage expenses (the "Insurance Expenses") of the Leased Trucks.  (Am. Compl., ¶ 13; Lease Agreement Package at 1; Pl. Exh. 1; Tr. at 4-5).  OTM paid for and provided insurance coverage for each of the Leased Trucks through its own insurance policy, and Trucknology and Bronx Truck were required to reimburse OTM.  (Am. Compl., ¶ 13; Tr. at 4-5).  Certain other trucks that Trucknology and Bronx Truck owned were not under lease with OTM but were insured through OTM's insurance policy (the "Un-Leased Trucks"); Trucknology and Bronx Truck were also required to reimburse OTM for those insurance costs.  (Am. Compl., ¶¶ 14-15; Pl. Exh. 4; Tr. at 4-5, 17-19).

For some time, Trucknology and Bronx Truck met their obligations under the Lease Agreements.  However, beginning in November 2006, Trucknology and Bronx Truck stopped making payments under the Lease Agreements or for the Insurance Expenses of the Un-Leased Trucks.  (Am. Compl., ¶¶ 16, 17, 19).  OTM repeatedly notified Trucknology, Bronx Truck, and Mr. Greenbaum of the defaults and demanded payment of the outstanding amounts.  (Am. Compl., ¶¶ 16, 20).  When payment was not forthcoming, OTM filed

the instant action.  In April 2008, pursuant to an <u>ex parte</u> order of seizure, OTM seized the Leased Trucks that were in Trucknology and Bronx Truck's possession and sold these trucks at auction.  (<u>Ex Parte</u> Order of Seizure and Temporary Restraining Order dated April 10, 2008; Tr. at 11).

<u>Discussion</u>

    A.  <u>Jurisdiction</u>

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff is a Michigan corporation while each of the defendants is a New York domiciliary, and the amount in controversy exceeds $75,000.  Because each of the defendants is a New York domiciliary, the Court has personal jurisdiction pursuant to New York Civil Practice Law and Rules ("CPLR") § 301.

    B.  <u>Liability</u>

When a defendant defaults, all factual allegations in the complaint except those relating to damages must be accepted as true.  <u>Union of Orthodox Jewish Congregations of America v. American Food & Beverage Inc.</u>, 704 F. Supp. 2d 288, 290 (S.D.N.Y. 2010).  Here, the Amended Complaint establishes the defendants' liability for breach of contract.

        1.  <u>Lease Charges, LEV, and Insurance Expenses</u>

The parties agreed that the Lease Agreements would be governed by Michigan law.  (Lease Agreement Package at 3; Pl. Exh. 1).

4

Under that law, a breach of contract claim is established by demonstrating the existence of the contract, its terms, and a subsequent breach resulting in the plaintiff's injury.  See In re Brown, 342 F.3d 620, 628 (6th Cir. 2003); Webster v. Edward D. Jones & Co., L.P., 197 F.3d 815, 819 (6th Cir. 1999); Bundy v. Federal National Mortgage Association, No. 10-12678, 2011 WL 977531, at *8 (E.D. Mich. Feb. 25, 2011); Feyz v. Mercy Memorial Hospital, Nos. 285880, 289226, 2010 WL 23692, at *6 (Mich. Ct. App. Jan. 5, 2010).  According to the Amended Complaint, Trucknology and Bronx Truck were contractually obligated under their respective Lease Agreements to pay the plaintiff the Lease Charges, Remaining LEV Amounts, and Insurance Expenses of the Leased Trucks.  (Am. Compl., ¶ 13).  Trucknology and Bronx Truck breached the Lease Agreements by failing to make such payments beginning in November 2006.  (Am. Compl., ¶ 16).  Trucknology and Bronx Truck were also obligated to pay the plaintiff for the Insurance Expenses of the Un-Leased Trucks.  (Am. Compl., ¶¶ 14-15).  Trucknology and Bronx Truck breached this obligation by failing to make these payments. (Am. Compl., ¶ 17).  Accordingly, OTM has established Trucknology and Bronx Truck's liability for the past due Lease Charges, Remaining LEV Amounts, and Insurance Expenses.

    2.  Guaranties

Unlike the Lease Agreements, the Guaranties do not contain a

choice of law provision.  However, there is no material difference between Michigan and New York law with respect to the relevant issues.  A breach of guaranty is established by demonstrating (1) an unconditional guaranty; (2) the underlying debt; and (3) failure of the guarantor to perform under the guaranty.  See Buffalo and Erie County Regional Development Corp. v. World Auto Parts, Inc., 306 A.D.2d 857, 858, 761 N.Y.S.2d 893, 894 (4th Dep't 2003); Kensington House Co. v. Oram, 293 A.D.2d 304, 304-05, 739 N.Y.S.2d 572, 572-73 (1st Dep't 2002); see also Monroe Bank & Trust v. Jessco Homes of Ohio, LLC, 652 F. Supp. 2d 834, 839 (E.D. Mich. 2009); Richard v. 380 Fair Associates, Inc., No. 268299, 2006 WL 2355096, at *2 (Mich. Ct. App. Aug. 15, 2006) (enforcing guaranty where terms were unconditional and indebtedness had arisen under underlying agreement).  Here, all of the Guaranties are explicitly unconditional and secure any obligations under the Lease Agreements -- the underlying debt.  (Am. Compl., ¶ 12; Lease Agreement Package, at 15).  Furthermore, Mr. Greenbaum, as guarantor, failed to perform under the Guaranties by not making any payment for the amounts Trucknology and Bronx Truck owed under the Lease Agreements.  (Am. Compl., ¶¶ 16, 19).  However, with respect to the past due Insurance Expenses of the Un-Leased Trucks, the Amended Complaint does not assert that Mr. Greenbaum personally guaranteed payment of these expenses; as such, the plaintiff has not

established breach of guaranty with respect to these amounts.

### 3. Alter Ego Liability

The Amended Complaint seeks to recover damages from the defendants jointly and severally by asserting that they are alter egos of one another. (Am. Compl., ¶¶ 6, 34-37). Because this is a diversity case, the choice of law rules of the forum state, New York, determine which law governs the alter ego analysis. American Fuel Corp. v. Utah Energy Development Co., 122 F.3d 130, 134 (2d Cir. 1997); accord Winn v. Schaffer, 499 F. Supp. 2d 390, 393 (S.D.N.Y. 2007). New York choice of law rules dictate that the law of the state of incorporation determines when the corporate form will be disregarded. Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995); accord Strategic Value Master Fund, Ltd. v. Cargill Financial Services, Corp., 421 F. Supp. 2d 741, 760 n.11 (S.D.N.Y. 2006). Because the defendants are New York corporations, New York law applies.

Under New York law, alter ego liability is determined under a two-part test that requires a showing that (1) the owners exercised complete domination of the corporation with respect to the transaction attacked or the entities in question operated as a single economic entity; and (2) such domination or unitary operation was used to commit a fraud or wrong against the plaintiff that resulted in the plaintiff's injury. NetJets Aviation, Inc. v.

7

LHC Communications, LLC, 537 F.3d 168, 177 (2d Cir. 2008); American Fuel, 122 F.3d at 134; Finance One, Inc. v. Timeless Apparel, Inc., No. 09 Civ. 9397, 2011 WL 1345030, at *4 (S.D.N.Y. March 29, 2011). To meet this test, the plaintiff must come forward with factual allegations as to both prongs. Ross Products Division Abbott Laboratories Inc. v. Saper , No. 06 CV 3264, 2007 WL 1288125, at *6 (E.D.N.Y. April 26, 2007); City National Bank of Florida v. Morgan Stanley DW, Inc., No. 05 Civ. 2739, 2007 WL 927428, at *4 (S.D.N.Y. March 29, 2007), report and recommendation adopted, 2007 WL 1425790 (S.D.N.Y. May 15, 2007).

The Amended Complaint asserts that the defendants are alter egos of each other by alleging that the defendants disregarded corporate formalities, frequently made payments on behalf of one another, are engaged in the same type of business, and share the same location, phone number, and principal. (Am. Compl., ¶¶ 34-37). These allegations relate only to the first prong for establishing alter ego liability; the Amended Complaint fails to allege any facts to establish that the affiliation between the defendants is being used to accomplish fraud or other improper purpose. Accordingly, the defendants are not jointly and severally liable for damages, except to the extent that Mr. Greenbaum is liable along with the corporate defendants for the obligations that

he personally guaranteed.[3]

    C. <u>Damages</u>

Although in case of a defendant's default, the plaintiff is not entitled to a presumption that the damages pleaded in the complaint are correct, when the court determines damages based on documentary submissions and an evidentiary hearing, "[t]he moving party is entitled to all reasonable inference from the evidence it offers." <u>Labarera v. ASTC Laboratories Inc.</u>, __ F. Supp. 2d __, ___, No. 06 CV 5306, 2010 WL 4023529, at *4 (E.D.N.Y. Oct. 13, 2010). On February 8, 2011, I held an inquest in order to determine the amount of damages owed to the plaintiff. At the inquest, Brian Obeck, OTM's controller, testified as to the outstanding amounts due to OTM by the defendants. (Tr. at 2-3, 13-14). OTM also entered into evidence a schedule of damages (the "Damages Schedule"), which Mr. Obeck authenticated and explained, reflecting the amounts owed by the defendants for each of the trucks. (Pl. Exh. 2 ("Damages Schedule"); Tr. at 9-15). The defendant was notified of the inquest but did not appear. Therefore, based on the testimony and evidence presented at the inquest, I find the plaintiff has established that it is owed damages as follows. <u>See</u> <u>House v. Kent Worldwide Machine Works,</u>

---

    [3] In the absence of alter ego liability, Truck Maxx has no liability in this matter.

Inc., 359 Fed. Appx. 206, 207 (2d Cir. 2010) ("[T]he evidence that was authenticated was sufficient to justify damages.").

The Damages Schedule shows that the outstanding Lease Charges and Remaining LEV Amounts for all of the Leased Trucks totals $2,116,543.15. (Damages Schedule at 3). This amount is offset by $616,965.28, the total amount OTM recovered by selling all of the Leased Trucks, leaving a balance of $1,499,577.87. (Damages Schedule at 3). The Damages Schedule ascribes $1,252,236.86 of this remaining balance to Trucknology and $247,341.01 to Bronx Truck. (Damages Schedule; Pl. Exh. 1).

The Damages Schedule also shows that the outstanding Insurance Expenses for all of the trucks total $270,109 which can be separated into three parts: (1) $169,200 in unpaid Insurance Expenses of the Leased Trucks; (2) $61,319 in unpaid Insurance Expenses of the Un-Leased Trucks; and (3) $39,590 that is labeled in the Damages Schedule as expenses for "Sept & October 2006 Ins." (Damages Schedule). With respect to the $169,200 in unpaid Insurance Expenses of the Leased Trucks, OTM allocates $142,560 of this amount to Trucknology and $26,640 to Bronx Truck. (Damages Schedule; Pl. Exh. 1). With respect to the unpaid Insurance Expenses of the Un-Leased Trucks, the record only ascribes $20,439 of the $61,319 total to Trucknology. (Damages Schedule; Plaintiff's Exhibit 4). OTM should not be awarded the remaining

amount because liability here is not joint and several and the plaintiff fails to ascribe the remaining amount to any particular defendant.  With respect to the $39,590 amount for "Sept & October 2006 Ins.," OTM again fails to allocate liability among the defendants, and thus OTM should not be awarded that amount.

Conclusion

For the reasons set forth above, I recommend that judgment be entered in favor of OTM and against (1) Trucknology and Mr. Greenbaum, jointly and severally, in the amount of $1,394,796.86 for breach of contract on the past due Lease Charges, Remaining LEV Amounts, and Insurance Expenses of the Leased Trucks under Trucknology's Lease Agreements; (2) Trucknology in the amount of $20,439 for breach of contract on the past due Insurance Expenses of the Un-Leased Trucks; and (3) Bronx Truck and Mr. Greenbaum, jointly and severally, in the amount of $273,981.01 for breach of contract on the past due Lease Charges, Remaining LEV Amounts, and Insurance Expenses of the Leased Trucks under Bronx Truck's Lease Agreements.[4]  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections

---

[4] Although OTM had originally requested attorneys' fees and interest in its Amended Complaint, it indicated at the inquest that it was no longer pursuing attorneys' fees, and it made no mention of interest in its Damages Schedule, Proposed Findings of Fact and Conclusions of Law, or presentation at the inquest.  I therefore do not recommend awarding these items.

to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:          New York, New York
                April 28, 2011


Copies mailed this date to:

David S. Tannenbaum, Esq.
Rosemary Halligan, Esq.
Stern, Tannenbaum & Bell, LLP
380 Lexington Avenue, Suite 3600
New York, New York  10168

Trucknology, Inc.
1130 Zerega Avenue
Bronx, New York  10462

The Bronx Rental Corp.
1130 Zegera Avenue
Bronx, New York  10462

Eugene Greenbaum
1144 Zerega Avenue
Bronx, New York  10462

12

Eugene Greenbaum
1130 Zerega Avenue
Bronx, New York  10462

Truck Maxx Moving, Inc.
1144 Zerega Avenue
Bronx, New York  10462

13